Ruffin, Chief Justice,
 

 after stating the facts as above set forth, proceeded as follows: — Upon no principle can the motion be sustained. The plaintiff was not entitled to the possession ; for the master has reported a balance of nine hundred and thirty-eight dollars and ninety-six cents, to be due from him for the purchase money, for which the defendant had a right to retain the negroes as a security.
 

 But the defendant did not have the possession. He surrendered it to the Court, and the slave was in the custody of the law, and the defendant is not chargeable for the value in the case which has occurred, more than he .would have been, if one of the slaves had died while held by the master for sale. The plaintiff has not sought a decree for compensation for a breach of trust, but specific execution of his contract. That relief he had in the decree which treated the negro as his, and gave him the hires while in the sheriff’s hands. Of course he must so treat her throughout. She died the property of the plaintiff, and he must bear the loss.
 

 The master reports, that a judgment creditor of the defendant has given him notice, to retain out of the moneys in his hands belonging to the defendant under the former decree, the sum of three hundred and thirty-three dollars, the amount of the judgment; upon the ground
 
 *113
 
 that the defendant had included the debt due on this decree in a schedule made by him as an insolvent debtor in execution upon that judgment, and the master prays the advice of the Court.
 

 Money in ‘fetIfean^a, ter, await-determinad tionofa belaid onty as direct. ea by the decree, and lf another claims it, pfy“^gP' Court to paid to him.
 

 The money is not in the hands of the master as a private debtor, but it is in the custody of the law, and held by him as the officer of the Court. He must therefore pay it according to the terms of the decree, 'and cannot take notice of the rights of any person in orto it. The decree is his justification, and he is bound to comply with it accordins to its tenor. If another person has an interest
 
 °
 
 . . j A ‘ . . m the fuftd or requires an interest ot the decree, the master is not to be charged upon his peril with deciding on it. Such a claimant must not apply to the master, but the Court, either by petition in the cause, or by bill in due time, according to the' circumstances. The master must not, in this case, therefore, suffer any notice from any quarter, to interrupt the execution of the decree.
 

 Per Curiam. Decree accordingly.